**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JINHU ZHAO, | No. 09-73955 |
| Petitioner, | Agency No. A099-889-985 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2014
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

Jinhu Zhao petitions this court to review the Board of Immigration Appeals'

("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his

applications for asylum, withholding of removal, and protection under the Convention

Against Torture ("CAT"). We deny the petition in part and dismiss the petition in part.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Because the IJ's adverse credibility determination, which the BIA adopted, is supported by substantial evidence, we reject Zhao's challenge to the adverse credibility finding. *See Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013). Under the REAL ID Act, credibility determinations must be made "[c]onsidering the totality of the circumstances," and may be based on "all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii). Substantial evidence supports one or more of the following material inconsistencies on which the IJ based her adverse credibility finding: (i) inconsistencies in the facts of Zhao's conversion to Christianity, (ii) inconsistencies in the details of the harm Zhao allegedly received while in detention, (iii) inconsistencies in Zhao's statements regarding his livelihood in China, and (iv) inconsistences regarding Zhao's religious practice in the United States. The evidence does not "compel[] a contrary result," as is required to overturn an IJ's adverse credibility determination. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (citation omitted).

Because Zhao failed to exhaust his due process arguments before the BIA, we dismiss his petition to review the BIA's decision as to his due process claims. *See Sola v. Holder*, 720 F.3d 1134, 1136 (9th Cir. 2013) ("[C]hallenges to procedural errors correctable by the administrative tribunal, must be exhausted . . . ." (quoting *Sanchez–Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001))). Although an applicant for

2

asylum "need not use precise legal terminology to exhaust his claim" or "provide a well developed argument to support his claim, . . . he *must* put the issue . . . before the BIA such that it had the opportunity to correct its error." *Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011) (internal quotation marks and citation omitted).

In his brief before the BIA, Zhao asserted that "[t]he IJ reached her decision with respect of [sic] [Zhao's] credibility in part upon a preconceived notion that based on [Zhao's] inability to articulate key facts, he was not credible," and that this "led the IJ to reach an irrational decision as to [Zhao's] credibility." This recitation was insufficient to put the BIA on notice that Zhao intended to make due process arguments based on bias, improper translation, and an inability to present corroborating evidence.

**DENIED IN PART and DISMISSED IN PART.**